UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER FLORES, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>   Defendants. | No. CV 13-3898-PLA<br><br>**ORDER RE DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

  Plaintiffs Peter and Sylvia Flores have filed suit against defendant Nationstar Mortgage LLC, alleging that defendant breached its promise not to foreclose on plaintiffs' real property.  On October 4 2013, the Court granted in part and denied in part defendant's Motion to Dismiss Plaintiffs' First Amended Complaint and gave plaintiffs leave to amend.  On October 18, 2013, plaintiffs filed a Second Amended Complaint ("SAC").  Defendant filed a Motion to Dismiss Plaintiffs' SAC ("Motion") and a Request for Judicial Notice ("Request") on November 25, 2013.  On December 17, 2013, plaintiffs' filed an Opposition to the Motion.  On December 27, 2013, defendant filed a late Reply.  For the reasons explained below, defendant's Motion is **denied**.

  **A. Relevant Facts**

  Plaintiffs allege the following in the Second Amended Complaint ("SAC"):

On or about March 3, 2006, plaintiffs entered into a consumer loan transaction with First Guaranty Financial Corporation to refinance a single family property located in Downey, California. (SAC ¶ 12). As part of the loan transaction, plaintiffs executed a promissory note in favor of First Guaranty and granted First Guaranty a security interest in the property in the form of a deed of trust. (Id.). The promissory note was sold and/or transferred to defendant in December 2012. (SAC ¶ 13). Defendant never provided the required notice of the transfer to plaintiffs. (Id.).

After plaintiffs encountered difficulties making monthly payments, they "began actively negotiating a revised payment plan" with defendant. (SAC ¶ 14). Defendant's representatives assured plaintiffs that, "as parties entitled to foreclose upon the subject property in the event of default, they would refrain from doing so, until and unless the parties were unable to reach an agreement." (Id.). Additionally, plaintiffs "submitted a loan modification package to [defendant] in or around January 2013." (SAC ¶ 15). Defendant's "representatives requested more documents from Plaintiffs from January 2013 to March 2013 which were submitted by Plaintiffs in [a] timely manner and requested mode." (Id.).

Before any agreement was reached, however, defendant "exercised their rights under the security instrument by instituting foreclosure proceedings upon the subject property." (SAC ¶ 16). On or around March 22, 2013, the property was taken back by defendant at a nonjudicial foreclosure sale. (Id.). Moreover, "on or around March 28, 2013, Plaintiffs received a document titled 'Mortgage Loan Statement' from Stephen Ellis, a 'Foreclosure Prevention Specialist' assigned by Defendant Nationstar to Plaintiffs. The document was dated March 19, 2013 and stated that their next amount was due on April 01, 2013." (SAC ¶ 17).

**B.  Plaintiffs' Causes of Action**

In the SAC, plaintiffs challenge defendant's practice of "dual tracking," whereby defendant proceeded with a foreclosure while simultaneously engaging in loan modification negotiations with plaintiffs. (See SAC at n.1). Plaintiffs assert four causes of action against defendant: (1) promissory estoppel; (2) unfair business practices under California Business and Professions Code § 17200, et seq.; (3) violation of the California Homeowner Bill of Rights (California Civil Code § 2923.6); and (4) violation of 15 U.S.C. § 1641(g).

### C. Rule 12(b)(6) Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a statement of claim for relief. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiffs. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1990). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Because the Court has diversity jurisdiction over this matter, California substantive law applies. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) ("[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.").

With the above standard in mind, the Court addresses defendant's arguments below.

#### 1. Request for Judicial Notice

Defendant requests that the Court take judicial notice of: (1) the deed of trust for the subject property; (2) two notices of default related to the subject property; (3) the loan modification agreement entered into between plaintiff and Aurora Loan Services LLC, a prior loan servicer; (4) the notice of trustee's sale related to the subject property; (5) a letter from Aurora Bank FSB to plaintiffs dated June 15, 2012, stating that the servicing of plaintiffs' loan was transferred to defendant; (6) a letter from defendant to plaintiffs dated July 15, 2012, stating that the servicing

of plaintiffs' loan was transferred to defendant; and (7) the trustee's deed upon sale of the subject property. (Request at 2-3). The Court will take judicial notice of all of these documents, except the two letters, as they are all matters of public record, publically available, and their accuracy is not reasonably subject to debate. See Fed.R.Evid. 201(b)-(c); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.") (citation omitted). The Court, however, will not take judicial notice of the two letters as they are not incorporated by reference into the SAC, are outside the pleadings, and are subject to reasonable dispute. See Fed.R.Evid. 201(b) (providing that a court may not take judicial notice of a fact that is "subject to reasonable dispute"); Lee, 250 F.3d at 689 (same). The Court declines to convert the Motion into one for summary judgment and will proceed with the Motion by excluding the two letters submitted by defendant.

### 2. Violation of California Civil Code § 2923.6

In plaintiffs' third cause of action, they allege that defendant violated California Civil Code Section 2923.6. (SAC ¶¶ 29-38).

As mentioned supra, a lender's practice of negotiating with homeowners in default on their loans for a loan modification while simultaneously advancing the foreclosure process is commonly referred to as "dual tracking." In July 2012, California passed legislation referred to as "The California Homeowner Bill of Rights" ("HOBR") which offers homeowners greater protection during the foreclosure process. In particular, a provision of the HOBR, California Civil Code § 2923.6(c), prohibits dual tracking. See Singh v. Bank of America, N.A., 2013 WL 1858436, at *2 (E.D. Cal. May 2, 2013). The HOBR went into effect on January 1, 2013, and does not apply retroactively. Emick v. JPMorgan Chase Bank, 2013 WL 3804039, at *3 (E.D. Cal. Jul. 19, 2013); Cal. Civ. Code § 2923.6(b) (2013). Of relevance here, Section 2923.6(c) of the HOBR states:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

>             (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
>             (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
>             (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

In the SAC, plaintiffs assert: "Defendant Nationstar's actions are in clear violation of the California Homeowner[ ] Bill of Rights' restrictions on dual tracking. Plaintiffs' request for modification was not denied; in fact, upon each of Plaintiffs' diligent status inquiries, Nationstar representatives confirmed they were still reviewing Plaintiffs' loan modification package. Yet nevertheless, foreclosure was commenced and . . .an illegal sale was conducted." (SAC ¶ 33). Specifically, plaintiffs allege that they "submitted a loan modification package to [defendant] in or around January 2013." (SAC ¶ 34). Defendant's "representatives requested more documents from Plaintiffs from January 2013 to March 2013 which were submitted by Plaintiffs in [a] timely manner and requested mode." (Id.). Plaintiffs also state that before any agreement was reached, however, defendant "exercised their rights under the security instrument by instituting foreclosure proceedings upon the subject property, which was subsequently taken back by Defendant Nationstar at a non-judicial foreclosure sale on or around March 22, 2013." (SAC ¶ 35). Finally, plaintiffs assert that, "on or around March 28, 2013, Plaintiffs received a document titled 'Mortgage Loan Statement' from Stephen Ellis, a 'Foreclosure Prevention Specialist' assigned by Defendant Nationstar to Plaintiffs. The document was dated March 19, 2013 and stated that their next amount was due on April 01, 2013." (SAC ¶ 37).

In the Motion, defendant contends that Section 2923.6 did not become law until January 1, 2013, does not apply retroactively, and therefore plaintiffs cannot state a valid claim because the events at issue in the SAC took place prior to the effective date of the Homeowner Bill of Rights. (Motion at 8-10). In particular, defendant maintains that "the operative notice of default was recorded in June 2011, and the initial notice of trustee's sale was recorded in June 2012." (Motion at 9 (italics and underline omitted); see Request, Exhs. 4-5). Defendant further asserts

that "[t]here is no demonstration that plaintiffs submitted a complete loan modification application after January 1, 2013[.]" (Id.). Defendant maintains that "[t]he only thing one can affirmatively glean from plaintiffs' allegations is an incomplete loan modification application was submitted in January 2013 and the property was sold in a foreclosure sale on March 22, 2013 – at least two months later." (Motion at 10) (citation omitted).

Defendant's contentions are unpersuasive. Plaintiffs allege that they submitted a loan modification application to defendant "in or around January 2013" and submitted additional documents requested by defendant to complete the application "from January 2013 to March 2013[.]" (SAC ¶ 34). Plaintiffs further allege that following the nonjudicial foreclosure sale on or around March 22, 2013, they received a letter, dated March 19, 2013, from a "'Foreclosure Prevention Specialist'" assigned by defendant notifying them that their next payment was due on April 1, 2013. (SAC ¶ 35). In short, plaintiffs allege that despite their submission of a loan application that was completed after January 1, 2013, defendant conducted a foreclosure sale of the subject property while the application was pending. Plaintiffs' allegations in the SAC are, therefore, sufficient to state a claim under Section 2923.6(c). Accordingly, the Motion is **denied** with respect to this claim.

### 3. Unfair Business Practices

In plaintiffs' second cause of action, they allege that defendant violated California Business and Professions Code §§ 17200, et seq. (SAC ¶¶ 25-28). Specifically, plaintiffs allege that defendant committed the following "deceptive" practices: assessing improper or excessive late fees; instituting improper or premature foreclosure proceedings; falsely assuring plaintiffs that foreclosure would be postponed while simultaneously proceeding with the process; and violating California Civil Code § 2923.6.[1] (SAC ¶ 27).

The Unfair Competition Law ("UCL"), codified as California Business and Professions Code § 17200, was implemented to protect consumers and competitors by promoting fair competition in the commercial market for goods and services. McKell v. Washington Mut., Inc., 142

---

[1] Paragraph 27(d) of the SAC contains a typographical error and incorrectly refers to "Section 2329.6" instead of Section 2923.6. See SAC ¶ 27(d).

6

Cal.App.4th 1457, 1470, 49 Cal.Rptr.3d 227 (Cal.App. 2 Dist. 2006). To allege a UCL claim, a plaintiff must show that the defendant's business practice was "unlawful, unfair, or fraudulent" by stating with reasonable particularity the facts supporting the violations. Cal. Bus. & Prof. Code § 17200; Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (Cal.App. 2 Dist. 1993). Although the UCL's scope is broad, violations that sound in fraud must meet the pleading requirements under Federal Rule of Civil Procedure 9(b), which require the "who, what, when, where, and how" of the misconduct charged.[2] Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

In the Motion, defendant argues that despite the Court's finding in its October 4, 2013, Order that plaintiffs' allegations in support of their claim for unfair business practices were not stated with sufficient particularity, plaintiffs' "allegations in support of this cause of action in . . . [the] SAC are surprisingly identical to those made in the" First Amended Complaint. (Motion at 7).

Defendant's contention lacks merit. In its previous Order dismissing plaintiffs' unfair business practices claim with leave to amend, the Court noted that plaintiffs could not base this claim on defendant's act of "dual tracking" in violation of California Civil Code Section 2923.6(c) because plaintiffs failed to establish that Section 2923.6 applied to their case. (Court's Order of October 4, 2013, at 11). In the SAC, however, as noted supra, plaintiffs have sufficiently stated a claim based on a violation of Section 2923.6(c). Thus, the Court finds that plaintiffs have alleged potentially unfair business practices by stating that defendant violated Section 2923.6(c) by engaging in "dual tracking" and, thus, improperly foreclosing on the subject property. "If true, Plaintiffs['] allegations demonstrate unethical, oppressive, and injurious conduct that could very well constitute unfair business practices under the UCL." Ware v. Bayview Loan Servicing, LLC, 2013 WL 6247236, at *8 (S.D. Cal. Oct. 29 2013) (denying motion to dismiss cause of action for unfair business practices based on violation of Section 2923.6(c)).

---

[2] Federal Rule of Civil Procedure 9(b) states that in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b)'s particularity requirement applies to state-law causes of action. Vess, 317 F.3d at 1103.

Based on the foregoing, the Court finds that plaintiffs' allegations are sufficient to survive a motion to dismiss. As a result, the Motion is **denied** with respect to the claim of unfair business practices under the UCL.[3]

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint **(Docket No. 31)** is **denied**.

2. Defendant's Answer to the Second Amended Complaint shall be filed **no later than February 3, 2014**.

DATED: January 6, 2014

*Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] For the reasons stated in the Court's Order of October 4, 2013, the Motion is also **denied** with respect to the causes of action in the SAC for promissory estoppel and violation of 15 U.S.C. § 1641(g). (See Court's Order of October 4, 2013, at 4-8 & 15-16). Moreover, the Court declines to address defendant's contentions, raised for the first time in its untimely Reply, that it was not required to provide notice to plaintiffs pursuant to 15 U.S.C. § 1641(g) and that it is exempt from liability under the Truth in Lending Act. (See Reply at 2-5); United States ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1199 n. 1 (9th Cir. 2009) (finding that an argument raised for the first time in a reply brief is waived).